UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Criminal Case No. 10-CR-20323

HON. MARK A. GOLDSMITH

KENNETH DONNELL GOOSBY,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

On July 5, 2011, the Court sentenced Defendant to a term of imprisonment of 60 months pursuant to the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). On July 12, 2012, Defendant filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) in light of Dorsey v. United States, 132 S. Ct. 2321 (2012). On September 5, 2012, the parties filed a stipulation stating that, in light of the decision in Dorsey, they agreed that (i) Defendant should not have been subject to the mandatory minimum under § 841(b)(1)(B) and (ii) Defendant was eligible for resentencing under § 3582(c)(2) with an applicable guidelines range of 51 to 63 months. The Court subsequently resentenced Defendant to a term of imprisonment of 51 months.

On June 7, 2013, Defendant filed the present motion for a sentence reduction arguing that the circumstances surrounding his sentencing are analogous to those in United States v. Hinds, 713 F.3d 1303 (11th Cir. 2013). In Hinds, the court held that the defendant was entitled to a second resentencing because he was not sentenced under the Fair Sentencing Act in the prior

resentencing. Conversely, in the present case, the Court resentenced Defendant in accordance with the Fair Sentencing Act when it reduced his sentence to 51 months imprisonment. The Court denies Defendant's motion because Defendant was resentenced in accordance with the Fair Sentencing Act and Hinds is inapplicable.[1]

    SO ORDERED.

Dated: July 15, 2013                                s/Mark A. Goldsmith
      Flint, Michigan                         MARK A. GOLDSMITH
                                                       United States District Judge

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2013.

                                                     s/Deborah J. Goltz
                                                     DEBORAH J. GOLTZ
                                                     Case Manager

---

[1] Defendant also cites a recent Sixth Circuit case holding that "[T]he [Fair Sentencing] Act should apply to all defendants, including those sentenced prior to its passage." United States v. Blewett, 12-5226, 2013 WL 2121945, at *1 (6th Cir. May 17, 2013). Because Defendant was already resentenced in accordance with the Fair Sentencing Act, he is not entitled to another resentencing.